No. 775 August 12, 2026 247

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

URIEL RUIZ-BARBOZA,
*Defendant-Appellant.*

Washington County Circuit Court
23CR16130; A186268

Chris C. Colburn, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment that terminated his participation in a driving under the influence of intoxicants (DUII) diversion program, sentenced him to bench probation and community service, and imposed a $2,000 mandatory minimum fine based on an unchallenged representation that he had driven with a blood alcohol content (BAC) of 0.27 percent. Under ORS 813.010(6)(d)(A) (2021), *amended by* Or Laws 2023, ch 498, § 3, the trial court was required to impose the $2,000 minimum fine when a defendant committed a DUII with a BAC of 0.15 percent or higher. On appeal, defendant challenges the imposition of the fine. He argues that the state failed to notify him of its intent to rely on the elevated BAC level as a sentence enhancement fact, and that because the required notice did not occur, the trial court could not impose the $2,000 fine based on his plea agreement that did not mention the elevated BAC. We affirm.

Defendant did not preserve his argument in the trial court, so our review is for plain error. For an error to be plain it must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Although ORS 136.765 requires the state to provide a defendant with notice of enhancement facts, the statute does not require that notice to be placed on the record with the court. *State v. Sanchez*, 238 Or App 259, 267, 242 P3d 692 (2010), *rev den*, 349 Or 654 (2011). The state can satisfy the notice requirement through "written notice to the defendant," which can include written correspondence. *State v. Lafferty*, 240 Or App 564, 574-76, 247 P3d 1266 (2011). Thus, we would need to examine facts outside the record to determine whether the state failed to provide the required notice, which indicates that the error is not apparent "on the record." *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (for an error to be apparent on the record, "the reviewing court must not need to go outside the record to identify the error or choose between competing inferences,

and the facts constituting the error must be irrefutable"). Defendant's identified error is therefore not "plain error."

Affirmed.